

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# Robinson v. Smyth

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Robinson v. Smyth" (2007). *2007 Decisions.* Paper 42.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/42

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-76                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3737
_____

THOMAS ROBINSON,
                                            Appellant

v.

JOSEPH A. SMYTH (JUDGE);
ELIZABETH HUBER-BERRY (COURT REPORTER)
SUED IN THEIR INDIVIDUAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-03955)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 13, 2007

Before: AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: December 18, 2007)
_____

OPINION
_____

PER CURIAM

       Thomas Robinson appeals from the District Court's order dismissing his lawsuit.

In 2006, he filed a civil action against the state court judge who presided over his criminal

trial and the court reporter who transcribed the proceedings.  Ten years earlier, a jury

convicted Robinson of first degree murder and other offenses, and he was sentenced to life imprisonment. Robinson's state court direct appeals and attempts at state and federal collateral review were all unsuccessful. In his recent civil action, he contended that the court reporter, Huber-Berry, intentionally made two omissions in the transcripts of his trial, that she refused to correct them, and that she conspired with a state judge, Judge Smyth, to hide or ignore the errors. Robinson otherwise maintained that the judge failed to properly review the record before denying PCRA relief to Robinson. Robinson alleged violations of 42 U.S.C. § 1983 and state law claims of fraud and breach of contract, and sought compensatory, punitive, injunctive and declaratory relief. The District Court granted motions by the defendants to dismiss the lawsuit. We will dismiss the appeal under 28 U.S.C. § 1915(e)(2).

Because Robinson is proceeding in forma pauperis, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, we must dismiss an appeal if it lacks arguable merit in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). We may affirm the District Court on any ground supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 239 (3d Cir. 1999). We review the District Court's dismissal de novo. See Santiago v. GMAC Mortgage Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005).

We agree with the District Court that Judge Smyth is absolutely immune from a suit for money damages. Nowhere in the complaint does Robinson contend that Smyth acted outside his judicial capacity; indeed, Robinson's complaint is premised upon

2

Smyth's actions within the criminal trial, his alleged failure to follow procedure in dismissing Robinson's PCRA petition, and the denial of Robinson's request to have access to audiotapes of the trial. See Figueroa v. Blackburn, 208 F.3d 435, 443-44 (3d Cir. 2000). In addition, Robinson's claims for injunctive relief against Judge Smyth were also barred because Robinson did not allege that the judge violated a declaratory decree or that declaratory relief was not available in his case. See 42 U.S.C. § 1983; Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006).

Robinson has otherwise failed to state a claim for violations of either the Due Process Clause or the Equal Protection Clause against either defendant. Robinson alleges that in the transcript of the trial, Huber-Berry omitted the word "premeditated" from the testimony of a forensic pathologist and that she left out the judge's ruling regarding an assistant district attorney's expected testimony about Robinson's character. Those two omissions alleged here, even assuming the facts are true, did not prejudice Robinson, however, and they do not state a due process claim. Generally speaking, Robinson does not have a constitutionally protected right to a totally accurate transcript of his criminal proceedings. See Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993). Robinson's trial and direct appeals are long past and he has gone through several rounds of state and federal collateral review. At this point, the errors in the transcript could implicate his constitutional rights only if the errors called into question the validity of his appellate review. See id. at 747-48. These two omissions do not come close to rising to that level, and Robinson does not claim that the errors adversely affected his appellate efforts such

3

that his constitutional rights were violated.[1]

Robinson likewise fails to allege facts in his complaint supporting the proposition that he was treated differently from other people who are similarly situated, which is necessary to state an equal protection claim. See Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir. 1992). Accordingly, the equal protection claim must also be dismissed. To the extent that the breach of contract and fraud claims are distinct from the constitutional claims, the District Court apparently declined to exercise supplemental jurisdiction over them, which was entirely proper in the absence of any viable federal claims. See 28 U.S.C. § 1367(c)(3).

We will dismiss the appeal under 28 U.S.C. § 1915(e)(2).

---

[1] Robinson alleges that Judge Smyth falsely stated that he had reviewed the record and Robinson's motion in opposition to the Commonwealth's intent to dismiss order before ruling on Robinson's PCRA petition. He contends that the judge's actions violated Pennsylvania Rules of Criminal Procedure Rule 907. As the District Court pointed out, however, violations of state rules of procedure do not automatically constitute violations of due process. See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 150 n.4 (3d Cir. 2005). In this instance, we again conclude that, even if his factual allegations were true, they fail to rise to the level of a due process claim or an equal protection claim.

4